UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

ROMAN LINGAN, et al.,

                Plaintiffs,          MEMORANDUM
                                          AND ORDER

    -against-                             17-cv-1293 (MKB)(RLM)

THE CITY OF NEW YORK, et al.,

                Defendants.
-------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      Currently before this Court is a motion filed by defendants City of New York and the New York City Police Department ("NYPD") (collectively, "defendants"), over the objection of plaintiff Roman Lingan ("plaintiff"), for an order (a) staying this civil action pending the final resolution of a related state prosecution against Marino Bagcal ("Bagcal"), a non-party to this litigation, and (b) adjourning *sine die* defendants' time to respond to the civil complaint. See Motion to Stay Civil Case (July 31, 2017) ("Def. Motion"), Electronic Case Filing Docket Entry ("DE") #9; Response in Opposition (Aug. 2, 2017) ("Pl. Opp."), DE #10. For the reasons that follow, defendants' motion is denied.

BACKGROUND

      On December 8, 2015, plaintiff and Bagcal were arrested following a vehicle stop and search. A Queens grand jury dismissed the charges against plaintiff on June 30, 2016. See Pl. Opp. at 1 & exhibit thereto. Bagcal, on the other hand, entered a conditional plea of guilty to a felony charge, as part of an agreement pursuant to which he must remain in an in-patient drug treatment program for eighteen months, in exchange for a sentence of probation

and a misdemeanor conviction.  See Def. Motion at 3.  Bagcal reportedly entered into the drug treatment program in December 2016, see id., and thus his 18-month commitment is not set to expire until June 2018.

According to defendants, the District Attorney's office ("DA") "is treating Bagcal's case as currently open[,]" thereby preventing defendants from obtaining either the DA's criminal case file relating to plaintiff or his criminal court file.  See id.  It is for this reason that defendants seek a blanket stay of this civil action.

## DISCUSSION

As plaintiff correctly notes, see Pl. Opp. at 2, judicial decisions staying civil lawsuits on account of pending parallel criminal prosecutions against the civil plaintiffs do not support staying the instant litigation, where the related criminal action is not against the plaintiff, but against a non-party -- indeed, a non-party who has already pleaded guilty to the criminal charge against him.  While defendants complain that they have been unable to access the DA's or criminal court files, defendants are not without other sources of information -- e.g., the NYPD files and/or the officers involved in plaintiff's arrest.

As defendants acknowledge, "the entry of a stay is a matter for the Court's discretion[.]"  Def. Motion at 4; see id at 2.  The prejudice that defendants complain of may be addressed through applications to the Court for assistance in obtaining records that are otherwise not made available to them.[1]  See Pl. Opp. at 2.  On the other hand, the stay sought by defendants would prejudice plaintiff by placing this lawsuit in a holding pattern for a

---

[1] Particularly in light of Bagcal's guilty plea, it would appear that the DA's reluctance to produce its case file could be resolved with an appropriate confidentiality stipulation and order.

minimum of nine additional months, while Bagcal completes his in-patient drug treatment program. In these circumstances, the factors relevant to defendants' motion for a stay tip decidedly in plaintiff's favor.

## CONCLUSION

For the foregoing reasons, defendants' motion for a stay is denied. Defendants are directed to respond to the complaint by September 22, 2017.

**SO ORDERED.**

**Dated: Brooklyn, New York**
**August 31, 2017**

/s/ *Roanne L. Mann*

**ROANNE L. MANN**
**CHIEF UNITED STATES MAGISTRATE JUDGE**